IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **HEATHER SPRINGMAN,** ) <br> On Behalf of Herself and Others Similarly ) <br> Situated ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **HEARTLAND APPLE, INC.** ) <br> ) <br> Defendant. ) <br> ) | Case No. <br><br> Judge <br><br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> **JURY DEMAND ENDORSED HEREON** |

Plaintiff Heather Springman ("Representative Plaintiff"), on behalf of herself and all others similarly situated, for her Complaint against Defendant Heartland Apple, Inc. ("Defendant"), states and alleges as follows:

**INTRODUCTION**

1.  This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.* and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*.

2.  Representative Plaintiff brings this case as a collective action on behalf of herself and on behalf of other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

3.  Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and on behalf of other similarly situated persons who have factually related claims under the IMWL (the "Illinois Class").

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred in this judicial district.

6. The Court has supplemental jurisdiction over the asserted IMWL claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES & PERSONAL JURISDICTION

7. Representative Plaintiff is an Illinois resident who was employed by Defendant within the last three years. Representative Plaintiff's written consent to join is attached as Exhibit A.

8. Defendant Heartland Apple, LLC is an Illinois for-profit corporation.

9. At all material times, Defendant has been an employer within the meaning of the FLSA and the IMWL.

10. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA.

11. At all material times, Representative Plaintiff was an employee of Defendant within the meaning of the FLSA and IMWL.

## FACTS

12. Defendant owns and operates a chain of Applebee's restaurants in Illinois.

13. At each of these restaurants, Defendant employs servers to provide services to its Applebee's patrons.

14. Representative Plaintiff and other similarly situated employees were employed as servers at Defendant's Applebee's restaurants within the last three years.

15. Representative Plaintiff worked for Defendant at multiple Applebee's locations, including one in Forsyth, Illinois, which is located in Macon County.

16. Within the last three years, Defendant paid its servers the tipped minimum wage and utilized the tip credit available under federal and state law to meet its obligation to pay servers the mandatory minimum wage.

17. However, Defendant did not satisfy the strict requirements under the FLSA or Illinois law that would allow it to take a tip credit.

18. For example, Defendant maintained a policy and practice whereby servers were required to perform work unrelated to the servers' tipped occupation, while still be being compensated at the tipped minimum wage.

19. Defendant also maintained a policy and practice whereby servers were required to spend a substantial amount of time, more than 20 percent of the time or for a continuous period of time exceeding 30 minutes, performing non-tip producing side work related to the servers' tipped occupation.

20. By engaging in these unlawful practices, Defendant lost all or part of its right to claim any tip credit toward its obligation to pay Representative Plaintiff and those similarly situated the minimum wages required by law.

3

21. Defendant's unlawful practices resulted in Representative Plaintiff and those similarly situated not receiving the full minimum wages to which they were entitled.

22. Defendant has not made a good faith effort to comply with the FLSA or the IMWL. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out its illegal pattern and practice regarding its tipped employees.

## COLLECTIVE ACTION ALLEGATIONS

23. Representative Plaintiff and the FLSA Collective have been denied pay at the federally mandated minimum wage rate. These employees are/were subject to the same illegal pay practices described above.

24. Defendant takes a tip credit against its minimum wage obligations for the Representative Plaintiff and FLSA Collective.

25. Members of the FLSA Collective perform or have performed the same or similar work as the Representative Plaintiff.

26. FLSA Collective Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

27. As such, FLSA Collective Members are similar to Representative Plaintiff in terms of job duties, pay structure, and/or the denial of minimum wage.

28. Defendant's failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Collective Members.

29. The experiences of Representative Plaintiff, with respect to her pay, is typical of the experiences of the FLSA Collective Members.

30. The specific job titles or precise job responsibilities of each FLSA Collective Member does not prevent collective treatment.

31. All FLSA Collective Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

32. The class of similarly situated FLSA Collective Members is properly defined as follows:

> **All current and former tipped servers employed by Defendant in Illinois who were paid a tipped minimum wage at any time during the three years prior to the date of filing this Complaint and continuing through the conclusion of this matter.**

## CLASS ACTION ALLEGATIONS

33. Representative Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a class of persons employed by Defendant in Illinois within the last three years defined as:

> **All current and former tipped servers employed by Defendant in Illinois who were paid a tipped minimum wage at any time during the three years prior to the date of filing this Complaint and continuing through the conclusion of this matter.**

34. The Illinois Class is so numerous that joinder of all class members is impracticable. Representative Plaintiff is unable to state the exact size of the potential Illinois Class but, upon information and belief, avers that it consists of at least 40 people.

35. The Illinois Class Members are readily ascertainable. The number and identity of the Illinois Class Members are determinable from Defendant's records. The hours assigned and worked, the positions held, and the rates of pay for each Illinois Class Member are also determinable from Defendant's records. For the purpose of notice and other purposes related to this action, their names

and addresses are readily available from Defendant. Notice can be provided by means permissible under Rule 23.

36. Representative Plaintiff's claims are typical of those claims which could be alleged by any Illinois Class Member, and the relief sought is typical of the relief which would be sought by each Illinois Class Member in separate actions.

37. All the Illinois Class Members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wages.

38. Representative Plaintiff and the Illinois Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with the IMWL.

39. Representative Plaintiff and the Illinois Class Members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected all Illinois Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Illinois Class Members.

40. Representative Plaintiff and other Illinois Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

41. Representative Plaintiff is able to fairly and adequately protect the interests of the Illinois Class Members and has no interests antagonistic to the Class Members.

42. Representative Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

44. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

45. Because the losses, injuries, and damages suffered by each of the individual Illinois Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.

46. On the other hand, important public interests will be served by addressing the matter as a class action.

47. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

48. The prosecution of separate actions by individual Illinois Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Illinois Class Members, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Illinois Class Members' rights and the disposition of their interests through actions to which they were not parties.

49. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

50. Common questions of law and fact exist as to the Illinois Class Members that predominate over any questions only affecting Representative Plaintiff and the Illinois Class Members individually and include, but are not limited to, the following:

   (a) Whether Defendant violated the IMWL; and,

   (b) Whether Defendant paid Representative Plaintiff and the Class Members at the proper minimum wage rate for all hours worked.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
**(Brought on behalf of Representative Plaintiff and the FLSA Collective)**

51. Representative Plaintiff, on behalf of herself and the FLSA Collective Members, allege and incorporate by reference all allegations in all preceding paragraphs.

52. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA.

53. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed "employee[s]," including Representative Plaintiff and the FLSA Collective Members.

54. Defendant was required to pay directly to Representative Plaintiff and the FLSA Collective Members the applicable federal minimum wage rates for all hours worked.

55. Defendant failed to pay Representative Plaintiff and the FLSA Collective Members the minimum wages to which they are entitled under the FLSA.

56. Defendant required Representative Plaintiff and the FLSA Collective Members to perform a substantial amount of dual job duties and side work in excess of twenty percent of their work time or for a continuous period of time exceeding 30 minutes. During these periods, Defendant compensated Representative Plaintiff and the FLSA Collective Members at the tipped minimum wage

rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201, *et seq.* This violated the FSLA.

57. Defendant also regularly required Representative Plaintiff and the FLSA Collective Members to perform work unrelated to their tipped occupation. During these periods, Defendant compensated Representative Plaintiff and the FLSA Collective Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201, *et seq.* This violated the FSLA.

58. Defendant's unlawful conduct has been willful and intentional. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Representative Plaintiff and the FLSA Collective Members.

59. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201, *et seq.*

60. As a result of Defendant's willful violations of the FLSA, Representative Plaintiff and the FLSA Collective Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, et seq.

## SECOND CAUSE OF ACTION
### Illinois Minimum Wage Law – Unpaid Minimum Wages
(Brought on behalf of Plaintiff and the Illinois Class Members)

61. Representative Plaintiff, on behalf of herself and the Illinois Class Members, alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendant has engaged in a widespread pattern, policy, and practice of violating the IMWL, as detailed in this Complaint.

63. At all times relevant, Representative Plaintiff and the Illinois Class Members have been employees of Defendant, and Defendant has been an employer of Representative Plaintiff and the Illinois Class Members within the meaning of the IMWL.

64. At all times relevant, Representative Plaintiff and the Illinois Class Members have been covered by the IMWL.

65. Defendant failed to pay Representative Plaintiff and the Illinois Class Members the minimum hourly wages to which they are entitled under the IMWL.

66. Defendant was not eligible to avail itself of the tipped minimum wage rate under the IMWL because Defendant required Representative Plaintiff and the Illinois Class Members to perform a substantial amount of dual job duties and side work. Additionally, Defendant required Representative Plaintiff to perform work not related to their tipped occupation.

67. During these periods, Defendant compensated Representative Plaintiff and the Illinois Class Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by the IMWL and therefore violated the IMWL.

**PRAYER FOR RELIEF**

**WHEREFORE**, Representative Plaintiff, on behalf of herself and all persons similarly situated, pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.  Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Illinois Class;

C.  Enter judgment against Defendant and in favor of Representative Plaintiff, the FLSA Collective members, and the Illinois Class members;

D.  Award compensatory damages to Representative Plaintiff, the FLSA Collective members, and the Illinois Class members in the amount of their unpaid wages, as well as liquidated damages and penalties;

E.  Award Representative Plaintiff and the Illinois Class members an additional amount of 5% as damages for each month following the date of payment during which such underpayments remain unpaid; and,

F.  Award Representative Plaintiff her costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

    Respectfully submitted,

*/s/ Hans A. Nilges*
Hans A. Nilges (OH Bar 0076017)
Shannon M. Draher (OH Bar 0074304)
**NILGES DRAHER LLC**
7034 Braucher St., N.W., Suite B
North Canton, OH 44720
Telephone:  330-470-4428
Facsimile:   330-754-1430
Email:         hnilges@ohlaborlaw.com
              sdraher@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## **JURY DEMAND**

Representative Plaintiff demands a trial by jury on all eligible claims and issues.

>*/s/ Hans A. Nilges*
>*Counsel for Representative Plaintiff*