IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVSION

| | |
|---|---|
| **HEATHER SPRINGMAN**, ) | Case No. 2:23-cv-02035-CSB-EIL |
| ) | |
| Plaintiff, ) | Judge Colin S. Bruce |
| ) | |
| vs. ) | Magistrate Judge Eric I. Long |
| ) | |
| **HEARTLAND APPLE, INC., et al.,** ) | |
| ) | **JOINT MOTION FOR APPROVAL OF** |
| Defendant. ) | **SETTLEMENT AND RELEASE** |
| ) | |

Plaintiff Heather Springman and Defendants Heartland Apple, Inc., Heartland Apple Forsyth, LLC, and Heartland Apple Bloomington, LLC (collectively referred to as the "Parties") respectfully move this Court to approve the settlement reached by the Parties and memorialized in the Settlement Agreement and Release of All Wage Claims (the "Settlement"). The Settlement seeks to finally resolve this matter with Court approval of Settlement and dismissal of all individual claims with prejudice.

The Parties respectfully submit that the Settlement is fair and reasonable, and that it satisfies the criteria for approval under Section 16 of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216. The Settlement was achieved through diligent and thorough negotiations between the Parties' Counsel. If approved by the Court, the Settlement will result in a fair and reasonable settlement payment to Plaintiff.

The following are attached to facilitate the Court's approval:

    **Exhibit A:**    Settlement Agreement and Release of All Wage Claims

    **Exhibit B:**    Proposed Order Approving Settlement and Release; and,

    **Exhibit C:**    Declaration of Hans A. Nilges.

The following sections explain the nature of the action, the negotiations, and the propriety of approving the Settlement.

## I. THE ACTION

On February 24, 2023, Plaintiff filed a Complaint against Defendant Heartland Apple, Inc. in the United States District Court, Central District of Illinois, captioned as *Springman v. Heartland Apple, Inc*, Case No. 2:23-cv-02035. Plaintiff alleged claims for unpaid wages, seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") (ECF No. 1).

On May 19, 2023, Plaintiff filed an Amended Complaint adding new party defendants Heartland Apple Forsyth, LLC and Heartland Apple Bloomington, LLC. (ECF No. 17).

Defendants filed their Answers on June 13, 2023, in which it denied all liability. (ECF Nos. 24, 25, and 26).

The Parties subsequently reached a settlement of this matter.

## II. THE NEGOTIATIONS

Each Party thoroughly assessed the other's legal and factual positions, potential witnesses, and potential claims and defenses. The Parties engaged in good-faith arm's length negotiations. Throughout the negotiations, liability has been denied and disputes remain notwithstanding settlement. Nevertheless, the Parties reached a settlement. (Nilges Decl. at ¶¶8-9).

## III. THE SETTLEMENT TERMS

If approved by the Court, the Settlement will resolve all individual claims and issues between Plaintiff and Defendants in this Action and as outlined in the Agreement. If approved, the Parties have agreed that the Action will be dismissed with prejudice as to Plaintiff's individual

claims but without prejudice as to any putative collective and class claims, with this Court retaining jurisdiction over performance of settlement.

## IV. THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to Section 16 of the FLSA. As explained below, Court approval is warranted.

### A. The Settlement is a fair resolution of a bona fide dispute.

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) after reviewing the settlement to ensure it is a fair and reasonable resolution of a bona fide dispute over wages. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982)).

The payment to Plaintiff is fair and reasonable given that bona fide disputes exist between the Parties, including whether Plaintiff performed unpaid work, whether the alleged work was compensable, and whether Plaintiff is entitled to any payments including liquidated damages. Defendants have made clear, including through pre-settlement informal discovery, their intention to aggressively defend Plaintiff's claim of unpaid work. (Nilges Decl. at ¶¶8, 10).

According to courts within the Seventh Circuit, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement," and "the law generally encourages settlements." *Winking v. Smithfield Fresh Meats Corp.*, 2022 WL 16706898 (N.D. Ill. Nov. 4, 2022); *see also Roberts v. Apple Sauce, Inc.*, 2014 WL 4804252, at *1 (N.D. Ind. 2014) ("The reviewing Court normally approves a settlement where it is based upon 'contentious arm's-length negotiations, which were undertaken in good faith by counsel' and where serious questions of law and fact exist such that the value of an immediate recovery

outweighs the mere possibility of further relief after protracted and extensive litigation."). Because settlement concerns only Plaintiff and her individual claims, and not putative collective or class members, "one-step" FLSA approval is proper because this settlement involves no absent class members. *See, e.g., Bainter v. Akram v. Investments, LLC*, 2018 WL 4943884 at *2 (N.D. Ill. 2018) *Briggs v. PNC Financial Services Group, Inc.*, 2016 WL 7018566 (N.D. Ill. 2016) ("A one step approval process is appropriate[]" in FLSA settlements).

Here, there remains considerable dispute concerning allegations of unpaid hours worked and available affirmative defenses. Defendants have made clear their intention to fully contest any liability through trial. There is no guarantee that either Party will prevail, or that Plaintiff will be able to prove her alleged unpaid worktime or statutory damages, which Defendants are aggressively contesting. Accordingly, settlement was the result of arms-length negotiations between the Parties who were represented by able counsel. (Nilges Decl. at ¶¶5-6, 9, 11).

Settlement saves the Parties substantial time and expense and relieves them from the inherent risks of continued litigation. While the matter of unpaid minimum wages for one individual is not inherently complex standing alone, the facts of this case and Defendants' defenses provide significant challenges to the Plaintiff. (Nilges Decl. at ¶11). Accordingly, the settlement should be approved.

V.     **CONCLUSION**

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order Approving Settlement and Release. Upon approving the settlement, the Court should dismiss Plaintiff's individual claims with prejudice but dismiss the claims as to putative collective and class members without prejudice.

Respectfully submitted,

| **NILGES DRAHER LLC** | **VEDDER PRICE P.C.** |
|---|---|
| */s/ Hans A. Nilges* | */s/ Elizabeth N. Hall* (with permission) |
| Hans A. Nilges (OH 0076017) | Elizabeth N. Hall (6286976) |
| Shannon M. Draher (OH 0074304) | Thomas M. Wilde (6217048) |
| 7034 Braucher St., NW, Suite B | Ariel M. Kelly (TN 034340) |
| North Canton, OH 44720 | 222 North LaSalle Street |
| Phone:  330.470.4428 | Chicago, IL 60601 |
| Fax:  330.754.1430 | Phone:  312) 609-7500 |
| hans@ohlaborlaw.com | Fax:  (312) 609-5005 |
| sdraher@ohlaborlaw.com | ehall@vedderprice.com |
|  | twilde@vedderprice.com |
| *Counsel for Plaintiff* | akelly@vedderprice.com |
|  | *Counsel for Defendants* |

### CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2023, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Hans A. Nilges*
Hans A. Nilges

*Counsel for Plaintiff*
